WILSON *v.* WILSON.

1. FRAUD—DEEDS—CONSIDERATION—SUPPORT.

   The conveyance by an aged lady to her grandson of a farm, in consideration of her support for life, is *held*, under the testimony, not to be invalid for fraud.

2. DEEDS—CONDITIONS—SUPPORT.

   A deed of land on condition that the grantee shall support the grantor, his grandmother, where the acts of both parties have rendered the contract impossible of performance, warrants a decree for the value of her support, and the amount should not be limited merely to the rental value of the farm, less taxes.

Appeal from Gratiot; Searl, J. Submitted December 13, 1909. (Docket No. 120.) Decided March 22, 1910.

Bill by Weltha Wilson against Fred Wilson and Laura Wilson to set aside a deed. From the decree rendered, complainant appeals. Modified.

*P. H. Dolan* and *Scully & Davis* (*A. R. Locke*, of counsel), for complainant.

*Stone & Watson* and *L. A. Lyon*, for defendants.

MOORE, J. On the 17th day of October, 1905, the complainant deeded to her grandson, Fred Wilson, 92 acres of land. The deed contained the following:

"Whereas, the consideration for the deed being an agreement by the second party to support, maintain, clothe and take care of the said first party in such manner as she has been accustomed to live, and pay all doctors' bills and medical care during her life, the said first party hereby reserves to herself, the said first party, the use, occupation and possession of said premises during her lifetime, if the said second party shall make default in the conditions of the said agreement."

Soon thereafter the parties moved upon the farm. The defendant made valuable and permanent improvements. All went well for a time. Later trouble arose and the complainant went to live with her daughter in Lansing. In August, 1907, the bill of complaint in this case was filed for the purpose of setting aside said deed. A hearing was had in open court except as to some witnesses whose depositions were taken because of their inability to attend court. The trial judge was of the opinion complainant failed to make a case.

In his written opinion he states:

"While the complainant is an old lady, yet she is in the possession of all her faculties, and appears as sharp and shrewd in court as an average business man; that she is much more capable of taking care of herself in a business deal than the average woman of her age must be plainly apparent to any one hearing her testimony in open court. She says that she expected Fred would have the farm at her death if he carried out his part of the agreement, but she understood that a contract or lease was to be drawn and not a deed.

"Complainant selected W. A. Sweet to draw the papers, having looked after such matters before for herself and husband. He testified that she told him she wanted to make a deed to Fred, and that he suggested that the condition for her support should be inserted for her protection, she saying that she didn't think it necessary. The deed was read over and explained to complainant before she signed it. Mr. Sweet is a careful, upright man whom the court has known for many years, and I give great credit to his testimony. But his testimony does not stand alone as opposed to that of complainant. John W. Hallett and Dr. Taylor, both men of high standing in Carson City, were there as witnesses, and both testify that so far as they could see the transaction was open and fair, and that the deed was read over and explained to Weltha Wilson, and nothing appeared to show that she did not fully understand its import and meaning.

"Further corroborating evidence is given by Fred Wilson, T. Wilson and Etta Sweet, and I conclude therefore that complainant has failed to show by a preponderance of the evidence that there was any fraud or mistake at the

time the deed was made.    The evidence preponderates the other way.

"Complainant does not seriously claim that she was not properly supported by defendants, but claims they were unkind to her in many ways.    The alleged instances concern matters of small importance, and of such character that I shall take no time discussing them.    These little differences are liable to come up in any family, especially where elderly people live with younger ones, and if the title to property should be upset every time something of the kind happens, the courts would be busy all the time.    I conclude, therefore, that complainant's bill ought to be dismissed, or at least that she should not receive the relief prayed for by her.

"However, it does appear that it would be unwise for these people to live together on this farm, and I think the decree should provide that Fred Wilson should pay complainant what the fair rental value of the property would be (less the taxes), from the time when she left until her death, payable yearly, and if the solicitors cannot agree on the amount, or if same is not enough for her support, it will be decided when decree is settled, and at the same time counsel may suggest any further matters which should be settled in the decree if there are any."

A decree was made accordingly, providing that defendant Fred Wilson should pay $175 a year from the time complainant left him, and should pay to the complainant—

"During the natural life of said complainant or so long as said complainant shall choose to remain away from the home of said defendant Fred Wilson, but should the complainant at any time hereafter choose to return and have her home with the defendants, then said payments shall cease and be no longer required, and this decree shall, in that regard, become inoperative, said payments to constitute a lien on the premises described in said deed.

" It is further ordered, adjudged, and decreed that the costs to be taxed herein in favor of the defendants and against the complainant shall and may be deducted by defendant Fred Wilson out of any moneys now, or which may hereafter become, due to the said complainant from the said defendant under this decree."

From this decree complainant appealed.

There is no dispute as to the law which should govern the case. The questions are all questions of fact. The complainant at the time the conveyance was made had considerable other property. During his lifetime, her husband had deeded this farm to Fred Wilson, which deed complainant later burned, she says, by the direction of her husband. The record satisfies us that no fraud or deceit was practiced upon her, and that she knew she was deeding the farm to defendant, and desired to do so. Trouble arose between her and her grandson and his wife, Laura Wilson, which perhaps might have been anticipated, and which could have surely been avoided by the exercise of more patience on the part of all three of them. It is very likely if some of the relatives had been as anxious for the comfort of the complainant as they profess, and had indicated it in more fortunate ways, there would have been no litigation. The trouble which arose is unfortunate and cannot now be cured. The litigation has doubtless intensified the feeling between them, so that it is doubtful if the undertaking contemplated by the parties could now be so executed that the complainant would be contented and comfortable in her old home.

It is conclusively shown by the paragraph we have quoted from the deed that it was expected the conveyance of the property to defendant Fred Wilson would result in complainant having such support, maintenance, clothing, and care as she had been accustomed to, and the payment of her doctors' bills and for medical care. It is very clear the sum decreed to her will not do this. In requiring defendant Fred Wilson to pay a fair rental value of the property less the taxes, he was required to do no more than a stranger, who would have obtained no interest in the title, would have been required to do. When the costs are deducted from this sum, a mere pittance would be left for the complainant, while the title to the farm remains in the defendant. We do not think this equitable. The decree should be modified so as to require the payment of $250 a year from the time the complainant left the house of de-

fendant, and neither party will recover costs against the other in either this or the lower court.

A decree may be entered here in accordance with this opinion.

MONTGOMERY, C. J., and OSTRANDER, HOOKER, and McALVAY, JJ., concurred.